IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SHELBOURNE JAMAL MASON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:24-cv-01157-SHM-tmp |
| TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1 & 1-1); GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE; DENYING MOTION TO APPOINT COUNSEL (ECF NO. 2); DENYING REQUEST FOR INJUNCTIVE RELIEF (ECF NO. 3); AND DIRECTING CLERK TO MODIFY THE DOCKET**

On July 23, 2024, Plaintiff Shelbourne Jamal Mason, Tennessee Department of Corrections ("TDOC") number 205128, filed a *pro se* complaint pursuant to 42 U.S.C. §§ 1983 and 12101, *et seq.*, and an affidavit in support. (ECF Nos. 1 & 1-1.) When Mason filed the complaint, he was incarcerated at the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee. On July 23, 2024, Mason filed a motion to appoint counsel, an application for injunctive relief, and an application to proceed *in forma pauperis*. (ECF Nos. 2, 3 & 4.) On October 7, 2024, the Court granted Mason's application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 6.)

Mason's complaint, motion to appoint counsel, and application for injunctive relief are before the Court. The Court CONSOLIDATES the complaint (ECF No. 1) and the affidavit in

support (ECF No. 1-1) as the "Consolidated Complaint" for purposes of screening Mason's claims pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

The Consolidated Complaint is based on incidents that occurred between October 28, 2022, and June 2024, while Mason was in segregation for refusing his cell assignment at HCCF. Mason remains in segregation for that reason. (*See* ECF Nos. 1. & 1-1.) The Consolidated Complaint is liberally construed to assert claims for violations of: 1) Mason's First, Eighth and Fourteenth Amendment rights; 2) TDOC policy; and 3) the Americans with Disabilities Act (the "ADA"). (ECF No. 1 at PageID 1, 2, 7.) Mason names two Defendants: 1) the TDOC; and 2) Core Civic. (*Id.* at PageID 1, 3.) Mason seeks: 1) an injunction for protection; 2) monetary damages of two hundred and fifty thousand dollars ($250,000.00) from each Defendant; 3) discovery; 4) an appointed attorney; 5) additional monetary damages of one thousand dollars ($1,000.00) for each day of unlawful segregation since October 28, 2022, from each Defendant; and 6) any other damages determined by the Court. (ECF Nos. 1 & 1-1 at PageID 2, 7, 9, 10, 15.)

The Clerk is directed to modify the docket to add the State of Tennessee as a Defendant.

For the reasons explained below, the Court: (1) DENIES the application for injunctive relief (ECF No. 3); (2) DENIES AS MOOT Mason's motion to appoint counsel (ECF No. 2); (3) DISMISSES Mason's § 1983 and ADA claims WITHOUT PREJUDICE IN PART AND WITH PREJUDICE IN PART for failure to state a claim to relief (ECF Nos. 1 & 1-1); and (4) GRANTS leave to amend the claims dismissed without prejudice.

I. **BACKGROUND**

Mason alleges he was placed in segregation at HCCF on October 28, 2022, because of threats to his life and well-being. (ECF No. 1 at PageID 4.) Mason alleges "[he] is not able to be protected and is punished illegally." (*Id.*) Mason alleges HCCF "officials" are punishing him by

writing false disciplinary reports and failing to follow TDOC protective custody policy 404.09. (ECF Nos. 1 & 1-3 at PageID 5, 19.)  Mason alleges he wants to get out of segregation, but cannot go into general population because he needs protection from gang members and their friends. (ECF No. 1 at PageID 5-6.)  Mason has written multiple inmate grievance reports, letters, and request forms addressing his need for protection.  (*Id.*)  Mason alleges a disciplinary officer, Sergeant Mason, punishes Mason unlawfully and does not act on Mason's requests for protection. (*Id.*)  Mason alleges that unnamed gang members at HCCF erroneously believe Mason gave information about those gang members and that they want to harm him.  (*Id.* at PageID 6.)

Mason contends he is being punished and his due process protections are being ignored with prejudice and deliberate indifference.  (*Id.*)  Mason alleges he was injured on October 28, 2022 (the "Injury"), and refused medical care and protection.  (*Id.* at PageID 7.)  Mason fails to allege the cause or details of the alleged Injury.  Mason alleges that, in June 2014, a court in Kingsport, Tennessee found him to be one hundred percent (100%) disabled.  (ECF Nos. 1 & 1-1 at PageID 3, 12.)  Mason alleges he suffers from mental disabilities, a degenerative bone and disc disorder, herniated and extended discs on his right side, shattered and compressed discs on his left side, diabetes, high blood pressure, heart valve complications, intestinal issues, a hair line fracture in his left arm and blindness in his right eye.  (*Id.* at PageID 3, 7.)  Mason alleges he cannot defend himself from a "group of people" who want to hurt or kill him.  (*Id.* at PageID 7.)  Mason alleges generally that inmates have been killed and are dying at HCCF because of Defendants' inaction. (*Id.*)

Mason alleges he needs discovery from HCCF Warden Saxton to show that Mason is not a "behavior problem[,]" but a "victim."  (*Id.*)  Mason alleges Defendants attempt to force him into general population by restricting his privileges, punishing him, and ignoring his requests for

3

protective services. (*Id.* at PageID 8.) Mason alleges the TDOC is "[r]esponsible, knows the problems and has a contract …with HCCF and all policys [sic] must be followed by Core Civic [e]mployees[.]" (*Id.* at PageID 10.)

Mason alleges he is being denied access to the courts through the mail and the lack of necessary materials. (ECF No. 1-1 at PageID 13.) Mason is "refused [sic] to go safely to and from the library." (*Id.*) Mason alleges he must choose between hygiene or legal materials because he is being punished through spending restrictions on his account at the prison commissary for refusing to go back to general population. (*Id.*) Mason alleges Defendants treat him with deliberate indifference by failing to provide him with a notice of hearing, an investigation, or a due process hearing. (*Id.* at PageID 14.)

Mason alleges Defendants treat him with prejudice. (*Id.*) Mason alleges his punishments for refusal of cell assignment and the failure of the Defendants to follow TDOC policy constitute cruel and unusual punishment. (*Id.* at PageID 15.) Mason alleges that he has written letters to Defendants, and the Tennessee Bureau of Investigation, and that nothing has been done about his "issues." (*Id.*) Mason filed an inmate grievance report on February 15, 2024, alleging segregation inmates were being discriminated against. (ECF No. 1-5 at PageID 36.) Mason received a response from grievance chairperson Nunnally on April 17, 2024, stating "[i]f you do not want a disciplinary [] you need to request for protective custody." (*Id.*) On March 21, 2024, Mason filed an inmate grievance about his medical needs because of some "knot[s]" on his body, pain in his shoulder and testicle, his diabetes, and the "serious and imminent danger" he had been in for eighteen months. (ECF Nos. 1-7, 1-8 & 1-9 at PageID 38-40.) In his March 21, 2024 grievance report Mason also alleged his concerns about his need for protection, his cruel and unusual punishment, and discrimination against inmates in segregation. (ECF No. 1-9 at PageID 40.) On

4

April 17, 2024, Mason received a supervisor's grievance response stating that choosing to receive discipline for refusing cell assignment is a choice, that Mason should request protective custody if his life is threatened, and that he cannot expect to receive the same privileges as the general population while on punitive status. (ECF No. 1-10 at PageID 41.)

II. **SCREENING**

    A. **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held

'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM

#### 1. Section 1983

Mason sues under 42 U.S.C. § 1983. (*See* ECF Nos. 1 & 1-1 at PageID 1, 12.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

#### 2. ADA

Mason also sues under 42 U.S.C. §§ 12101, *et. seq.*, the ADA. (ECF Nos. 1 & 1-1 at PageID 1, 12.) To state a claim under the ADA, a plaintiff must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir.2008).

## III. ANALYSIS

### A. Application for Injunctive Relief

#### 1. Injunctive Relief Against the State of Tennessee

Mason seeks an order for 1) Defendants to stop punishing him; 2) placement in protective custody; 3) a hearing and other required procedures; 4) Defendants to protect him from any and all dangers; 5) the law library to be made available; 6) Defendants to stop depriving him of legal materials, and hygiene items; 7) Defendants to end his commissary restrictions; and 7) his transfer to a TDOC operated facility. (ECF No. 3 at PageID 49-50.)

To proceed on his claim for injunctive relief against the State of Tennessee[1], Mason must allege that the State was responsible for the violation of his constitutional rights based on a custom or policy. *Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that, to establish the required causal link between a constitutional violation and a policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Mason has not alleged he was injured because of an unconstitutional custom or policy of the State of Tennessee. (ECF Nos. 1, 1-1 & 3 at PageID 1-10, 12-16, 47-49.) Mason's request for injunctive relief against the State of Tennessee fails to state a claim to relief. (*See* ECF 3.)

---

[1] Mason's claims against TDOC are construed as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 2. Preliminary Injunction Against Core Civic

The Court must consider four factors in deciding whether to issue a preliminary injunction against Core Civic: "(1) whether the claimant has demonstrated a strong likelihood of success on the merits (2) whether the claimant will suffer irreparable injury in the absence of a stay (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." *Workman v. Bredesen*, 486 F.3d. 896, 905 (6th Circ. 2007). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). Mason has not shown the strong likelihood of success on the merits that would support issuance of a preliminary injunction. Mason has not alleged that a Core Civic custom or policy violated his rights. (ECF Nos. 1, 1-1 & 3 at PageID 1-10, 12-16, 47-49.) He has not shown that his continued confinement at HCCF will result in irreparable injury or that the remaining factors of the preliminary injunction standard have been met. Mason has not demonstrated that circumstances clearly demand the injunctive relief he seeks.

For the reasons explained above, the application for injunctive relief against the Defendants (ECF No. 3) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### B.  § 1983 Claims

#### 1.  TDOC/State of Tennessee

Mason's claims of violation of his First, Eighth and Fourteenth Amendment rights against TDOC (ECF Nos. 1 & 1-1 at PageID 2-10, 12-16), are construed as allegations against the State of Tennessee.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). (*See also* https://www.tn.gov/correction/state-prisons/state-prison-list/hardeman-county-correctional-

facility.html-:~:text=(731)%20254-6000.%20Hardeman%20County%20Correctional%20Facility%20is (last accessed Jan. 17, 2025).)

A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Section 1983 does not provide for suits against state entities. *See Will*, 491 U.S. at 65. "*Will* removes persons acting in their official capacities on behalf of the State from the scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim[.]" *Gean v. Hattaway*, 330 F.3d 758, 766–67, 2003 WL 21295019 (6th Cir. 2003).

Mason does not state a claim to relief against the TDOC or the State of Tennessee. For the reasons explained above, Mason's § 1983 claims against (a) the TDOC and (b) the State of Tennessee are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### 2. Core Civic

Mason alleges that Core Civic is violating his rights by punishing him and refusing his requests for protection. (ECF. 1 at PageID 8.) Mason does not state a claim against Core Civic, a private company. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). Core Civic acts under color of state law for purposes of § 1983. To prevail on a § 1983 claim against Core Civic, Mason "must show that a policy or well-settled custom of the

9

company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Mason has not alleged that a policy or custom of Core Civic was the "moving force" behind the alleged violations of his constitutional rights. (ECF Nos. 1, 1-1 at PageID 1-10, 12-16.) At most, Mason alleges his rights are being violated by the failure to follow Core Civic policy. (*Id.*) Mason does not state a claim against Core Civic. For the reasons explained above, the Consolidated Complaint's claims against Core Civic are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### C. ADA Claims

Mason only uses the words "Americans with Disabilities Act" and the acronym "ADA" in the headings of his Consolidated Complaint. (ECF Nos. 1 & 1-1 at PageID 1, 13.) Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA "prohibit[s] public or federally funded entities, including prisons, from discriminating against disabled individuals while operating services or programs." *Finley v. Huss*, 102 F.4th 789, 819–20 (6th Cir. 2024).

The Supreme Court has held that Title II of the ADA applies to state prisons and inmates, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–12 (1998). The proper defendant for Title II ADA claims is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002); *see, e.g., Tanney v. Boles,* 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (citations omitted). The State of Tennessee (acting through the TDOC) is not immune from Mason's claims under the ADA. *See, e.g., Tanney*, 400 F. Supp. 2d at 1044–

10

46. Mason states in a conclusory manner that he suffers from both mental and physical disabilities. (ECF Nos. 1 & 1-1, PageID.3, 7, 12.) Mason provides a list of his physical conditions, but he fails to provide specific details about the nature of his disabilities. The ADA defines disability to include: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Odell v. Kalitta Air, LLC*, 107 F.4th 523, 533 (6th Cir. 2024).

Mason's physical and mental disabilities may satisfy the ADA's definition. "Mental illnesses of various sorts can certainly qualify as a disability under the ADA, *see* 29 C.F.R. § 1630.2(h)(2), but 'where, as here, a party alleges that he is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity.'" *Adams v. The Vanderbilt Univ.*, No. 3:23-cv-00001, 2024 WL 1182861, at *17–18 (M.D. Tenn. Mar. 19, 2024). Mason, like the plaintiff in *Adams*, "fails to plausibly allege that [his] mental impairment—an unspecified mental illness—'substantially limits one or more of the major life activities' of an individual, as is required to meet the definition of 'disability' under the ADA.'" *See id*. Because Mason is not specific about his mental and physical disabilities or how they limit his major life activities, he has failed to state a claim under the ADA. (ECF Nos. 1, & 1-1 at PageID 1-10, 12-16.)

Mason's conclusory allegations of discrimination without specific supporting factual allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. For the reasons stated above, Mason's claims against the State of Tennessee for violation of the ADA are DISMISSED WITHOUT PREJUDICE because Mason fails to allege facts stating a claim to relief.

11

IV. **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the Consolidated Complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

    A.    The Court DISMISSES WITH PREJUDICE Mason's § 1983 claims against the TDOC and the State of Tennessee for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii);

B.      Mason's § 1983 claims against Core Civic and his ADA claims against the State of Tennessee are DISMISSED WITHOUT PREJUDICE for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

C.      Leave to amend claims dismissed without prejudice is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Mason's claims. An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Mason or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Mason fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was

13

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g);

D. Because the Consolidated Complaint is being dismissed, Mason's motion to appoint counsel (ECF No. 2) is DENIED AS MOOT, subject to Mason's right to re-file if the case proceeds;

E. Mason's application for injunctive relief (ECF No. 3) is DENIED; and

F. Mason is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Mason fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this _17th_ day of January 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE